UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| JASON CHAMBERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:20-CV-00377-HAB |
| | ) | |
| CHARLES W. SMITH, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

During a dispute over a blood draw to obtain Plaintiff's blood alcohol level, Plaintiff asserts that former Fort Wayne Police Officer, Charles Smith used excessive force. After discovery closed, Plaintiff's counsel filed a request to schedule this matter for trial. (ECF No. 14). The Court promptly conducted a status and scheduling conference wherein the parties agreed that this matter was ready to proceed to trial. (ECF No. 17). The Court set the trial date for June 7, 2022. Now, two months shy of that date, Plaintiff has filed a belated Motion for Leave to Designate Expert. (ECF No. 24). Defendant opposes the motion. For the reasons below, the motion is DENIED.

## DISCUSSION

"Orderly litigation requires parties to lay their cards on the table, without lying in wait for the opportune time to surprise one's opponent." *Great Divide Ins. Co. v. Linda Constr., Inc.,* 2022 WL 294760, at *21 (N.D. Ill. Feb. 1, 2022). For this reason, Fed. R. Civ. P. 16(b)(4) provides that the court may modify the scheduling order, but only for good cause. Fed. R. Civ. P. 16(b)(4).

The Scheduling Order entered by the Magistrate Judge in December 2020 required the designation of Plaintiff's expert witness disclosures and reports by April 1, 2021. Discovery proceeded. In February 2021, Plaintiff served answers to interrogatories and requests for

production of documents relating to experts. Plaintiff represented that he had no documents responsive to the production requests and he had not yet determined his trial strategy or whether an expert witness was needed. Plaintiff further represented that he would supplement his responses in accordance with the Federal Rules of Civil Procedure. This did not happen until April 4, 2022, and corresponded with the filing of the present motion.

Other events also did not happen during discovery; most notably Plaintiff did not take the Defendant's deposition – which leads us to the present quandary before the Court. In analyzing his case in preparation for trial, Plaintiff's counsel asserts that he has only now realized that Defendant is likely to testify that the force he used against Plaintiff was justified. Counsel argues that the recorded video evidence conflicts with the Defendant's written reports of the events, and he needs an expert to opine on the Defendant's use of force. To this end, Plaintiff seeks to designate Charles P. Stephenson, a former FBI Special Agent as a use of force expert to rebut expected testimony from Defendant that the level of force he used was justified.

Defendant responds by noting that the recorded video evidence and the reports have been in Plaintiff's counsel's possession since January 2021. In Defendant's view, Plaintiff could have determined he needed an expert well over a year ago and within the time set forth by the Scheduling Order. Defendant also asserts that he would be prejudiced by the late designation of the witness and points out that despite the attempt to designate Mr. Stephenson, no expert report was provided in the supplemental discovery that Plaintiff produced.

It goes without saying that the crux of any excessive force case boils down to the question of whether the force used was justified under the circumstances. Indeed, whether the force used is or is not excessive is the ball game, so to speak. The Court fails to see how this obvious issue has arisen just recently. In the Seventh Circuit, good cause is linked to the diligence of the party

seeking the extension. *Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011). In other words, good cause is demonstrated by a party showing that despite his diligence the scheduling deadlines could not have reasonably been met. *Tschantz v. McCann*, 160 F.R.D. 568, 571 (N.D. Ind. 1995) (citing 6A Wright, Miller and Kane, *Federal Practice and Procedure* § 1522.1 at 231 (2nd ed. 1990)). The diligence required to modify the scheduling order "is not established if ... the movant provides no reason, or no good reason, for the delay." *Design Basics, LLC v. Kerstiens Home & Designs, Inc.*, 2018 WL 1241994, at *2 (S.D. Ind. Mar. 9, 2018). The Court finds no such reason here.

District courts have busy dockets. A trial setting in this Court is not a mere suggestion that a case may go to trial on the scheduled date. Trial settings and deadlines exist for a reason. Discovery exists for the parties to see the other side's hand, so that they can consider their next move and respond accordingly. Burying an expert up one's sleeve until the last minute puts the opposing party on its heels, creates chaos and uncertainty, and jeopardizes the trial setting. The Plaintiff has not explained why, when the reports and video were in hand, he could not have pursued the services of an expert within the timelines set forth in the Scheduling Order. To do it now is highly disruptive. Plaintiff's Motion for Leave to Designate Expert (ECF No. 24) is DENIED.

SO ORDERED on April 12, 2022.

s/ Holly A. Brady
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT